# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DIANA L. SISK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:19-cv-00342** |
| | ) | **Judge Aleta A. Trauger** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

Before the court is plaintiff Diana Sisk's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. No. 34.) The defendant opposes the motion (Doc. No. 36), and the plaintiff has filed a Reply (Doc. No. 37). For the reasons set forth herein, the court will deny the motion for fees.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2018, an administrative law judge ("ALJ") issued a decision denying Sisk's applications for disability insurance benefits under Title II and for Supplemental Security Income under Title XVI of the Social Security Act ("the Act"). The Appeals Council denied the plaintiff's request for review on March 2, 2019, making the ALJ's decision the Commissioner of Social Security's final decision for purposes of appeal. The plaintiff filed the Complaint initiating this action on April 26, 2019, seeking judicial review of that decision. (Doc. No. 1.) In her Motion for Judgment on the Administrative Record and supporting Memorandum, Sisk argued that the underlying decision was substantively deficient and should be reversed. (Doc. No. 19, 19-1.) In addition, Sisk argued for the first time that the ALJ who adjudicated her case was appointed in

violation of the Appointments Clause of the United States Constitution, as a result of which her case should be remanded for a new hearing with a constitutionally appointed ALJ, based on *Lucia v. SEC*, 138 S. Ct. 2044, 2049 (2018). In *Lucia*, decided on June 21, 2018, the Supreme Court held that ALJs of the Securities and Exchange Commission are "Officers of the United States" within the meaning of the Appointments Clause of the Constitution and were therefore required, under the Appointments Clause, to be appointed by the President, a court of law, or a head of department. *Id.* at 2047–48 (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 878 (1991)). In its Response, the Commissioner opposed remand, arguing that the plaintiff did not raise a timely Appointments Clause challenge before the SSA or in this court and therefore waived or forfeited her right to bring such a challenge.

The Magistrate Judge to whom the matter was referred issued a Report and Recommendation ("R&R") recommending that all of Sisk's arguments be rejected and that the Commissioner's decision be affirmed. (Doc. No. 22.) In addressing the plaintiff's Appointments Clause challenge, the Magistrate Judge noted that "[t]he overwhelming majority of courts in the Sixth Circuit, including the Middle District of Tennessee, have held that a Social Security Claimant's failure to raise an appointment's clause challenge at the administrative level results in a waiver of the claim." (*Id.* at 19.) This court initially adopted the Magistrate Judge's report and recommendation, holding that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level.

On September 1, 2020, the same day that this court issued its Memorandum and Order adopting the R&R, the Sixth Circuit released its opinion in *Ramsey v. Commissioner of Social Security*, 973 F.3d 537, 547 (6th Cir. 2020), holding that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings and remanding the cases in the

consolidated appeal before it to the Social Security Administration for new hearings before different ALJs than those who had initially presided over the plaintiffs' hearings. In its decision, the Sixth Circuit noted that the Third Circuit had held that issue exhaustion of an Appointments Clause challenge is not required in Social Security proceedings, *see Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020), while the Tenth and Eighth Circuits had disagreed, *see Carr v. Comm'r of Soc. Sec.*, 961 F.3d 1267, 1276 (10th Cir. 2020), and *Davis v. Comm'r of Soc. Sec.*, 963 F.3d 790, 795 (8th Cir. 2020). The Sixth Circuit ultimately found *Cirko* to be persuasive. *Ramsey*, 973 F.3d at 540. However, the Sixth Circuit stayed issuance of the mandate, and the defendant filed a petition for certiorari. On April 22, 2021, the Supreme Court resolved the circuit split, holding that a Social Security claimant may raise an Appointments Clause challenge for the first time in federal court. *Carr v. Saul*, 141 S. Ct. 1352, 1362 (2021).

Meanwhile, however, the plaintiff in this case filed a timely Rule 59 motion based on the Sixth Circuit's decision in *Ramsey*, and this court granted the motion to reconsider, vacated the previous order denying relief, granted the plaintiff's Motion for Judgment on the Administrative Record, and remanded the case to the Social Security Administration for a new hearing before a different ALJ. (Doc. No. 29.) The plaintiff now moves for an award of $10,265.12 in attorney's fees.[1]

## II.    LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that

---

[1] The plaintiff requests $9,638.95 in fees in her motion and an additional $626.17 in her reply.

special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The question of whether the position of the United States was "substantially justified" must be answered with regard to both the civil action and the administrative decision upon which the civil action is based. *See id.* § 2412(d)(2)(D). The Commissioner's position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, the position must have had a "reasonable basis both in law and fact." *Id.* "To be 'substantially justified' means . . . more than merely undeserving of sanctions for frivolousness," *id.* at 566, "[b]ut a position can be justified even though it is not correct," *id.* at 566 n.2. That is, even if incorrect, "a position can be . . . substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* The defendant bears the burden of proving that a given position was substantially justified. *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014).

## III.    DISCUSSION

The Commissioner does not dispute that Sisk is a prevailing party in this matter and that her motion for fees is timely. She argues, however, that the plaintiff is not entitled to attorney's fees because the defendant's position was substantially justified. The court agrees.

In considering whether a position is substantially justified, courts "focus on the merits of that position," but "objective indicia of reasonableness—such as a dissenting opinion, the views of other courts, a string of losses, or a string of successes—may be relevant" to this inquiry as well. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks and citations omitted). Ultimately, the Sixth Circuit "distinguish[es] between cases in which the government lost because it vainly pressed a position flatly at odds with the controlling case law

and cases in which the government lost because an unsettled question was resolved unfavorably." *Id.* at 564 (internal quotation marks and citations omitted).

The question here is whether the Commissioner was substantially justified in arguing that the plaintiff had forfeited her Appointments Clause challenge by failing to raise it at the administrative level. It is undisputed that Sisk did not claim at any point during the administrative process that the ALJ was not properly appointed. Because the Social Security Administration did not have an obligation to raise the issue *sua sponte*, the defendant acted reasonably at the administrative level. With regard to the defendant's litigation position, at the time the Commissioner argued in this court that the plaintiff's Appointments Clause challenge was forfeited, neither the Sixth Circuit nor the Supreme Court had ruled on the issue of whether an Appointments Clause challenge must be raised before the ALJ to be preserved, and numerous lower courts had made rulings consistent with the defendant's position. *See, e.g.*, *Berry v. Saul*, No. 1:18-CV-00046, 2019 WL 4923979, at *13 (M.D. Tenn. Aug. 20, 2019) (collecting cases), *report and recommendation adopted*, No. 1:18-CV-00046, 2019 WL 4916566 (M.D. Tenn. Oct. 4, 2019). And, while the Sixth Circuit eventually ruled to the contrary, it did so over Judge Siler's dissent. *See Ramsey*, 973 F.3d at 547–48 (Siler, J., dissenting). Moreover, both the Tenth and Eighth Circuits had issued decisions agreeing with the Commissioner's argument that a plaintiff forfeits an Appointments Clause challenge not raised at the administrative level. *See Carr*, 961 F.3d at 1276; *Davis*, 963 F.3d at 795. This "string of successes," the dissent from the Sixth Circuit, and the views of a majority of district courts all support a finding that Commissioner's position was substantially justified. *Accord Griffith*, 987 F.3d at 563.[2]

---

[2] In *Griffith*, the Sixth Circuit affirmed the denial of attorney's fees under the EAJA in a number of consolidated cases that following on the heels of *Hicks v. Commissioner of Social Security*, 909 F.3d 786 (6th Cir. 2018). In *Hicks*, the Sixth Circuit held that the Commissioner's

The plaintiff argues that the defendant's position is not substantially justified, because the "federal government" has known that its ALJs were not constitutionally appointed since it briefed the issue in *Lucia*, before the Supreme Court, when it "represented . . . that it believed none of the [SEC] ALJs had authority to decide cases." (Doc. No. 37, at 1 (citing *Lucia v. SEC*, Brief for Respondent, 2017 WL 5899983, at *9–10 (Nov. 29, 2017)).) In addition, she points out that the Social Security Administration "released an emergency message notifying all ALJs and Administrative Appeals Judges that "their appointments may not be constitutional." (*Id.* (citing Soc. Sec. Admin. EM-18003, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process (Jan. 30, 2018)).) The unconstitutionality of the appointments and the Agency's knowledge of the unconstitutionality, however, are not at issue. The question is whether the Commissioner's position on forfeiture was substantially justified. These arguments, therefore, are inapposite.

Citing *Mathews v. Eldridge*, 424 U.S. 319 (1976), and *Sims v. Apfel*, 530 U.S. 103 (2000), the plaintiff argues that the government's position on forfeiture was unreasonable, because "it has been a long-standing principle that the failure to raise a constitutional claim before the Social

---

process for redetermining plaintiffs' eligibility for Social Security benefits (after discovering that their original awards were tainted by attorney fraud) was constitutionally and statutorily deficient. *Id.* at 791–92 (6th Cir. 2018). The court remanded to three district courts the eleven cases that had been consolidated on appeal, for further proceedings consistent with its opinion. After remand, those plaintiffs, as well as forty-six other plaintiffs whose cases had been stayed pending a decision in *Hicks*, filed motions for attorney's fees under the EAJA. The district courts unanimously denied fees because they concluded that the Commissioner's position in the *Hicks* litigation was "substantially justified." *Griffith*, 987 F.3d at 561. The court, in determining the reasonableness of the government's position, considered the reasonableness of its substantive arguments, "alongside 'objective indicia of reasonableness,' such as Judge Rogers's thoughtful dissent [in *Hicks*], the fact that two district courts had agreed with the government in *Hicks*, and the disagreement among jurists in similar cases around the country," and "conclude[d] that the district courts did not abuse their discretion in determining that the government's position was substantially justified. *Id.* at 565.

Security Administration does not bar a claimant from raising the issue in District Court." (Doc. No. 37, at 1–2.) Contrary to the plaintiff's suggestion, however, *Sims* did not resolve the forfeiture issue. There, the Supreme Court held that claimants do not need to exhaust issues before the Appeals Council to obtain judicial review of those claims. *Sims*, 530 U.S. at 112. The Court explicitly noted that "[w]hether a claimant must exhaust issues before the ALJ is not before us." *Id.* at 107. Moreover, while the Supreme Court in *Carr* found that "[m]uch of what the *Sims* opinions said about Appeals Council review applies equally to ALJ proceedings," the Court agreed with the Commissioner that there are "several differences that may make ALJ hearings relatively more adversarial." *Carr*, 141 S. Ct. at 1359–60. Thus, the Commissioner's argument had a reasonable basis in law and fact and was not "flatly at odds with the controlling case law." *Griffith*, 987 F.3d at 563–64.

The plaintiff argues that the defendant cites only a "few cases" finding the Commissioner's pre-litigation and post-litigation positions to be substantially justified but that the Eastern District of Pennsylvania, addressing similarly postured motions for fees, did not find those cases to be persuasive. (Doc. No. 37, at 3.) In *Armstrong v. Saul*, 465 F. Supp. 3d 486, 490 (E.D. Pa. 2020), and *Byrd v. Saul*, 469 F. Supp. 3d 351, 355 (E.D. Pa. 2020), that court found the Commissioner's position not to be substantially justified based primarily on the holding in *Sims*. But, as discussed above, *Sims* did "not dictate the answer" to the question of whether a claimant must exhaust issues before the ALJ. *Cirko*, 948 F.3d at 155. Moreover, numerous other district courts, including from the Eastern District of Pennsylvania and within the Sixth Circuit, have found that the Commissioner's position was substantially justified. *See, e.g.*, *Flynn v. Saul*, No. 19-0058, 2021 WL 2577146, at *1 (E.D. Pa. June 22, 2021) (denying EAJA motion for attorney's fees, noting that "the majority of judges in the Eastern District of Pennsylvania agree with this Court's finding

that the Commissioner's litigation position was substantially justified") (listing cases); *Rager v. Saul*, No. 1:19-CV-00140-HBB, 2021 WL 374477, at *4 (W.D. Ky. Feb. 3, 2021); *Schrader v. Comm'r of Soc. Sec.*, No. 19-11663, 2021 WL 5233288, at *2 (E.D. Mich. Nov. 10, 2021).

In sum, the court finds this to be a case in which the government lost because an unsettled question of law was resolved unfavorably to the government. The defendant's position was substantially justified, and the plaintiff is not entitled to attorney's fees under the EAJA.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 34) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge